IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Frank Ellis, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ON DEMAND FOR** |
| | ) | **DISMISSAL UNDER RULE 11** |
| vs. | ) | |
| | ) | |
| Deputy Bradley Devig, individually and as | ) | Civil No. 3:08-cv-19 |
| LaMoure County Deputy, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is a Rule 11 Demand for Dismissal of Complaint with Prejudice filed by Defendants (Doc. #4). Plaintiff has filed a brief in opposition (Doc. #12). Defendants have also filed a reply brief (Doc. #13).

On March 19, 2008, Defendants filed with the Court a document demanding that Plaintiff dismiss his complaint in this matter because it violates Rule 11, Fed. R. Civ. P. Although the document is not styled as a motion, it notifies Plaintiff and his counsel that if the complaint is not dismissed within 21 days, they may be subject to Rule 11 sanctions. On April 2, 2008, Plaintiff filed a response which construes the demand document as a motion for sanctions under Rule 11. Plaintiff contends the motion should be denied because it is both procedurally improper and fails on the merits. On April 4, 2008, Defendants filed a reply stating that Plaintiff has filed a brief to a non-existent motion. Defendants claim their demand document was never intended to be a motion for Rule 11 sanctions, but simply a notice that they may seek Rule 11 sanctions in the future if Plaintiff does not dismiss his action.

1

Plaintiff's construction of the demand as a motion for sanctions is understandable, as Defendants have invoked the 21-day "safe harbor" provision of Rule 11, which is only applicable when a party serves a motion for sanctions on an opposing party. Indeed, it appears to the Court that Defendants are confused about the procedure which parties must follow in order to comply with Rule 11. Therefore, a brief overview of Rule 11 is appropriate.

Rule 11(c)(2), Fed. R. Civ. P., provides in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

The Advisory Committee Notes to the 1993 Amendment of Rule 11 further explain the operation of the safe harbor provision:

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

One of the general purposes of the safe harbor provision is to encourage the withdrawal of documents that violate Rule 11 without involving the district court. See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2, at 722 (3d ed. 2004).

The language of Rule 11, along with the Advisory Committee Notes, clearly sets forth the procedure which parties must follow when they believe sanctions may be appropriate. First, the other party should be informally notified of the potential violation before service of the Rule 11 motion. If the issue is not resolved after informal notification, the party seeking sanctions must serve a separate motion for sanctions upon the other party. After the motion has been served, the

other party has the 21-day safe harbor period to withdraw or correct the challenged paper. The district court should not be involved in the matter prior to the expiration of the safe harbor period. If the safe harbor period runs without appropriate action by the other party, only then should the motion for sanctions be filed with the district court.

The Rule 11 demand filed by Defendants in this case is less than clear, as it contains statements which could be construed either as a notice or a motion for sanctions. However, assuming that the demand was truly intended to notify Plaintiff of the issue regarding sanctions, that notification should have been accomplished informally by telephone or letter. The demand should not have been filed with the Court. Furthermore, because the demand which Defendants have served upon Plaintiff is not a motion for sanctions, the safe harbor period has not yet begun to run.

The Court sees no need to strike Defendants' Rule 11 demand from the record. However, because the issues raised in the demand do not require further action by the Court, the motion which was filed in CM/ECF will be terminated.

**IT IS SO ORDERED.**

Dated this 11th day of April, 2008.

   /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court